### No. 9359.

### JOHN W. BLACK, SYNDIC, vs. JOHN P. RICHARDSON & CO.

A mortgage granted by a debtor in favor of one of his creditors, in order to secure an antecedent debt and with the intention of unduly benefitting him, within three months next preceding his failure, is an unjust preference under Section 1808, Revised Statutes, although the state of his insolvency was not then known to the creditor, and although the latter was in good faith.

The clear object of the law is to secure a perfect equality among the creditors of an insolvent debtor whose property is the common pledge of all his creditors.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus,* J.

---

*Jos. P. Hornor* and *F. W. Baker* for Plaintiff and Appellant:

Section 1808, of the Revised Statutes of Louisiana, which declares: "Any debtor who shall, within three months preceding his failure, have sold, engaged, or mortgaged any of his goods and effects, or shall have otherwise disposed of the same, or confessed judgment, in order to give an unjust preference to one or more of his creditors over the others, shall be debarred from the benefit of the insolvent laws, and the said deed or acts shall be declared null and void," is absolute in its terms, and must be enforced; no matter whether or not the debtor was insolvent when the preference was given; no matter whether or not the creditor knew of the insolvency of the debtor; and no matter whether creditor or debtor, or both, were in good faith or not.

*Bayne & Denegre* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff, as the syndic of the insolvent commercial firm of Edward Pillsbury's Sons, seeks to annul a mortgage granted by said firm to secure the sum of $5500, which they owed to the defendants, in order to give to the latter an unjust preference over their other creditors. He appeals from a judgment of non-suit; and defendants pray for an amendment and for an absolute judgment in their favor.

For answer the defendants allege the good faith of the transaction, and their want of knowledge of their debtor's insolvency.

The action is predicated on the provisions of Section 1808 of the Revised Statutes of 1870, which is Section 25 of Act No. 322 of 1855 entitled "An act relative to the voluntary surrender of property and mode of proceeding."

It reads thus:

"Any debtor who shall, within three months next preceding his failure, have sold, engaged or mortgaged any of his goods and effects, or shall have otherwise disposed of the same, or confessed judgment, in order to give an unjust preference to one or more of his creditors over the others, shall be debarred from the benefit of the insolvent laws, and the said deed or acts shall be declared null and void."

"If the purchaser of such property shall prove that the property was either sold or engaged to him for a true and just consideration by him *bona fide* delivered at the time of such deed, then, and in that case, the sales and mortgages shall be declared valid."

The object of the law is to secure a perfect equality among all the creditors of an insolvent, in the enforcement of the wise rule that the debtor's property is the common pledge of his creditors. The means proposed to accomplish that end, is to strike with nullity all acts of a debtor, performed within three months next preceding his failure, which have the effect of destroying the equality among his creditors, which the law proposes to maintain and enforce.

Construed in the light of its proviso, the section clearly means to strike with nullity a mortgage granted by a debtor, within the prohibited time, to secure a debt which is antecedent to the date of the mortgage, or which is not the consideration, by means of a loan made at the time, of the security given.

Under the terms of the law, it is immaterial whether the state of insolvency of the debtor was unknown to the creditor or whether the latter was in good faith. If, by and through the mortgage, the creditor who obtains it, is placed in a better position touching an antecedent debt than he would have occupied without it, or in a better or more

advantageous· position than the other creditors of the debtor, the preference· which is thus given to him by the debtor, with the intention of preferring him to other creditors, is unjust within the meaning of the statute, and its nullity must be declared.

.The record in this case shows that the mortgage assailed, was executed on the 31st of January, 1884, that the debtors who granted it failed on the 12th of February following, and that it was intended to secure a pre-existing debt which they owed to the defendant, and which they had contracted in due course of previous commercial transactions with the creditors, the defendants, whom they thereby sought to secure, to the detriment and manifest injury of their numerous other creditors.

This is one of the very acts which the section now under consideration contemplates, and which it proposes in unmistakable terms to avoid and to nullify. Hence the judgment of the district judge is erroneous.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed. It is now ordered that the mortgage granted by the insolvents Edward Pillsbury's Sons in favor of the defendants, under date of January 31, 1884, be and the same is hereby declared null and void, and that defendants pay all costs in both courts.

Rehearing refused.